IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MADELINE JOHNSTONE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　Defendant. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL** |

　　　　Defendant Metropolitan Life Insurance Company ("MetLife") gives Notice of Removal of this action from the Horry County Court of Common Pleas to the United States District Court for the District of South Carolina, Florence Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  In support of this removal, MetLife shows:

1. The above-styled action was commenced in the Horry County Court of Common Pleas as Case No. 2017-CP-26-1284, filed February 28, 2017. See Exhibit 1, Summons and Complaint.

2. Plaintiff has not properly served the Summons and Complaint on MetLife.  Plaintiff mailed a copy of the pleadings to the South Carolina Secretary of State. See Exhibit 2, Certified Mail from Secretary of State.  However, South Carolina Code Ann. ¶ 15-9-270 requires service on an insurance company by delivering two copies of the summons or any other legal process to the Director of the Department of Insurance, *not* the Secretary of State.  To date, and to the undersigned's knowledge, no copies were delivered to the Director of the Department of Insurance.

3. Because MetLife has not been properly served, this Notice of Removal is timely filed in

accordance with the provisions of 28 U.S.C. §§ 1441 and 1446. A defendant is permitted to remove an action prior to being served. *Fisher v. Pelstring*, 2009 WL 10664813, at 3 (D.S.C. 2009)(citing *Delgado v. Shell Oil*, 231 F.3d 165, 177 (5th Cir. 2000) (holding that service of process is not a prerequisite to removal)).

4. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441.

5. Plaintiff is a citizen and resident of Horry County, South Carolina. Exhibit 1, Complaint at ¶ 1.

6. MetLife, the sole defendant in this matter, is incorporated in New York with its principal place of business in New York.

7. Plaintiff demands actual damages as well as treble damages under the South Carolina Unfair Trade Practices Act. Exhibit 1, Complaint, ¶ 20. The Complaint references an insurance policy "in the amount of fifty thousand dollars and zero cents ($50,000.00)." Exhibit 1, Complaint, ¶ 20. That amount, trebled, exceeds the sum or value of $75,000.00, satisfying the amount in controversy requirement of 28 U.S.C. § 1332(a)(2).

8. Venue lies in this Court because Plaintiffs' action is pending in this district and division. See 28 U.S.C. § 1441(a).

9. Promptly after the filing of this Notice of Removal, MetLife will give notice of the filing of this Notice of Removal to the Horry County Court of Common Pleas and to Plaintiff through her attorney in compliance with 28 U.S.C. § 1446(d).

WHEREFORE, defendant Metropolitan Life Insurance Company prays that the Horry County Court of Common Pleas proceed no further with Case No. 2017-CP-26-1284 and that said action

be removed from the Horry County Court of Common Pleas to the United States District Court for District of South Carolina, Florence Division.

                                                  WOMBLE CARLYLE SANDRIDGE & RICE, LLP

                                                  S/ *John C. Hawk IV*
                                                  John C. Hawk IV, Fed. Bar. No. 9853
                                                  P.O. BOX 999 [5 Exchange St., 29401]

Dated: **June 21, 2017**              Charleston, SC  29402-0999
Charleston, SC                        Main: (843) 722-3400; Fax.: 843-723-7398

                                                  *Attorneys for Metropolitan Life Insurance Company*