**STATE OF SOUTH CAROLINA**   )   IN THE COURT OF COMMON PLEAS
                              )
**COUNTY OF** <u>HORRY</u>    )
                              )
<u>MADELINE JOHNSTONE</u>      )   **CIVIL ACTION COVERSHEET**
                    Plaintiff(s)  )
                              )   2017-CP - _____ - _____
                 vs.          )   17 CP26 1284
                              )
<u>METROPOLITAN LIFE INSURANCE COMPANY</u>  )
                    Defendant(s)  )

**Submitted By:** ROBERT W. RUSHING, JR. _____    **SC Bar #:**   011921_____

Address: 4557 S. HIGHWAY 17 BYPASS, MYRTLE BEACH,   **Telephone #:**   843-662-6668_____
         SC 29577_____

                                                    **Fax #:**
_____    **Other:**
_____    **E-mail:**   ROBERT5286@AOL.COM_____

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

[X] **JURY TRIAL** demanded in complaint.   [ ] **NON-JURY TRIAL** demanded in complaint.
[ ] This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
[ ] This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| [ ] Constructions (100) | [ ] Dental Malpractice (200) | [ ] Conversion (310) | [ ] Claim & Delivery (400) |
| [ ] Debt Collection (110) | [ ] Legal Malpractice (210) | [ ] Motor Vehicle Accident (320) | [ ] Condemnation (410) |
| [ ] General (130) | [ ] Medical Malpractice (220) | [ ] Premises Liability (330) | [ ] Foreclosure (420) |
| [X] Breach of Contract (140) | Previous Notice of Intent Case # | [ ] Products Liability (340) | [ ] Mechanic's Lien (430) |
| [ ] Fraud/Bad Faith (150) | 20____-NI-_____-_____ | [ ] Personal Injury (350) | [ ] Partition (440) |
| [ ] Failure to Deliver/ Warranty (160) | [ ] Notice/ File Med Mal (230) | [ ] Wrongful Death (360) | [ ] Possession (450) |
|  | [ ] Other (299) _____ | [ ] Assault/Battery (370) | [ ] Building Code Violation (460) |
| [ ] Employment Discrim (170) |  | [ ] Slander/Libel (380) | [ ] Other (499) _____ |
| [ ] Employment (180) |  | [ ] Other (399) _____ |  |
| [ ] Other (199) _____ |  |  |  |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| [ ] PCR (500) | [ ] Reinstate Drv. License (800) | [ ] Death Settlement (700) | [ ] Arbitration (900) |
| [ ] Mandamus (520) | [ ] Judicial Review (810) | [ ] Foreign Judgment (710) | [ ] Magistrate-Civil (910) |
| [ ] Habeas Corpus (530) | [ ] Relief (820) | [ ] Magistrate's Judgment (720) | [ ] Magistrate-Criminal (920) |
| [ ] Other (599) | [ ] Permanent Injunction (830) | [ ] Minor Settlement (730) | [ ] Municipal (930) |
|  | [ ] Forfeiture-Petition (840) | [ ] Transcript Judgment (740) | [ ] Probate Court (940) |
|  | [ ] Forfeiture—Consent Order (850) | [ ] Lis Pendens (750) | [ ] SCDOT (950) |
|  | [ ] Other (899) | [ ] Transfer of Structured Settlement Payment Rights Application (760) | [ ] Worker's Comp (960) |
|  |  |  | [ ] Zoning Board (970) |
|  |  |  | [ ] Public Service Comm. (990) |
|  |  | [ ] Confession of Judgment (770) | [ ] Employment Security Comm (991) |

| Special/Complex /Other |  |  |  |
|---|---|---|---|
| [ ] Environmental (600) | [ ] Pharmaceuticals (630) | [ ] Petition for Workers Compensation Settlement Approval (780) |  |
| [ ] Automobile Arb. (610) | [ ] Unfair Trade Practices (640) |  | [ ] Other (999) |
| [ ] Medical (620) | [ ] Out-of State Depositions (650) | [ ] Other (799) _____ |  |
| [ ] Other (699) _____ | [ ] Motion to Quash Subpoena in an Out-of-County Action (660) |  |  |
| [ ] Sexual Predator (510) | [ ] Pre-Suit Discovery (670) |  |  |
| [ ] Permanent Restraining Order (680) |  |  |  |

**Submitting Party Signature:** _____   **Date:** 2/28/17

SCCA / 234 (03/2016)                                         Page 1 of 2

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA, ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF  HORRY           ) | |
| MADELINE JOHNSTONE         ) | SUMMONS |
|                   Plaintiff, ) | |
| vs.                        ) | FILE NO. 2017-CP- 26 1284 |
| METROPOLITAN LIFE INSURANCE ) | |
| COMPANY                    ) | |
|                   Defendant.) | |

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

MYRTLE BEACH, South Carolina

_____
Plaintiff/Attorney for Plaintiff

Dated: February 28, 2017

Address:    4557 S. HIGHWAY 17 BYPASS
            MYRTLE BEACH, S.C. 29577
            (843) 662-6668

2017 FEB 28 AM 9:55

SCCA 401 (5/02)

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF HORRY | ) | FIFTEENTH JUDICIAL CIRCUIT |
| | | 17 CP26 1284 |
| MADELINE JOHNSTONE, | ) | |
| | ) | |
| PLAINTIFF, | ) | COMPLAINT |
| VS. | ) | (JURY TRIAL REQUESTED) |
| METROPOLITAN LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

The Plaintiff, complaining of the above named Defendant, would allege and state as follows, to wit:

1. That the Plaintiff is a citizen and resident of the County of Horry, State of South Carolina, and has been for a period exceeding one (1) year.

2. That the Defendant is, upon information and belief, a corporation doing substantial and continuous business in the State of South Carolina and County of Horry.

3. That this Honorable Court has jurisdiction over the persons and matter alleged herein.

4. That the Plaintiff is the widow and sole beneficiary on a life insurance policy issued by the Defendant in the name of Gerald Allen Johnstone, date of birth 01/16/1944. In 1990, the parties entered into an agreement by which a life insurance policy would be issued. Also in that same year, Plaintiff's decedent provided valuable consideration which made the contract between the parties good and binding.

5. That all conditions precedent to completing the contractual agreement between Plaintiff's decedent and Defendant were completed.

6. That sadly, Plaintiff's decedent passed away on February 11, 2016. The Plaintiff completed all conditions precedent to the payment of benefits upon the policy pursuant to SC code 39-5-20 and all other applicable law.

7. That the Plaintiff's decedent duly presented proof of death of decedent to the defendant in a fashion contemplated by the contract between the parties. The policy provided coverage in the amount of fifty thousand dollars and zero cents ($50,000.00).

8. That after the passing of a substantial period of time, the Plaintiff began to contact Defendant to inquire as to why the proceeds of the policy had not been paid to her. She was repeatedly told that "someone would get back to her" within twenty four to forty eight hours. This, in fact, never occurred.

9. After persistently attempting to obtain a status as to the policy, she was finally told by agents and servants of Defendant that a premium in the amount of five hundred and eighty seven dollars and fifty four cents ($587.54) had not been paid in September of 2015. The Plaintiff advised Defendant that the only bill received by the parties had been in the amount of one hundred and seventy eight dollars and seventy six cents ($178.76). This had been duly paid on a timely basis.

10. That the Plaintiff requested proof of mailing and delivery of such a bill, which was not forthcoming in any fashion which would permit verification of same.

### FOR A FIRST CAUSE OF ACTION

### (BREACH OF CONTRACT)

11. That the Plaintiff would re-allege as if set forth verbatim all of the allegations of paragraphs one (1) though ten (10) of the Complaint as if set forth verbatim.

12. That the Plaintiff would show that she and Plaintiff's decedent have performed all conditions precedent to Defendant's payment upon the aforesaid policy of life insurance.

13. That despite this, Defendant has steadfastly refused to perform its obligation to make payment upon the aforesaid policy, and is in breach of contract.

### FOR A SECOND CAUSE OF ACTION

### (FRAUD)

14. That the Plaintiff herein would re allege as if set forth verbatim all of the allegations of paragraphs one through thirteen of the Complaint.

15. That the Plaintiff would show that the Defendant did commit fraudulent acts in both the inducement of the purchase of this insurance policy by Plaintiff, and also in the process of performing its obligations relative to the aforesaid contract.

16. That the Plaintiff would show that the Defendant made fraudulent representations and committed fraudulent acts in any and all of the following particulars, to wit:

a. That were false statements of material fact;

b. which defendant knew to be true, or should have known to be true;

c. such statements being intended to be relied upon by the plaintiff;

d. creating justifiable reliance on the part of the plaintiff;

e. to the detriment of damage of the plaintiff.

17. That the Plaintiff is informed and believes that she is entitled to damage based upon the fraudulent acts and omissions of defendant.

## BY WAY OF AN ADDITIONAL CAUSE OF ACTION

### (SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT)

18. That the Plaintiff herein would re allege as if set forth verbatim all of the allegations of paragraphs one through seventeen of the Complaint.

19. That the Plaintiff would show that the Defendant, by its aforesaid acts and omissions is in violation of the South Carolina Unfair Trade Practices Act SC Code annotation section 39-5-20 et. seq.

20. That the Plaintiff is informed and believes that she is entitled to an award of her actual damages in this action, along with an award of treble damages, as well as an award of attorney's fees, expenses and costs.

WHEREFORE, HAVING FULLY SET FORTH HER COMPLAINT HEREIN, PLAINTIFF PRAYS THAT SHE BE GRANTED JUDGEMENT IN AN AMOUNT TO BE DETERMINED AT TRIAL.

ROBERT W. RUSHING, JR. ESQUIRE

ATTORNEY FOR PLAINTIFF

4557 S. HIGHWAY 17 BY-PASS

MYRTLE BEACH, S.C. 29577

(843) 662-6668

DATE: 2/28/17